# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1066V
Filed: September 25, 2017
UNPUBLISHED

| | |
|---|---|
| VICKIE L. DERN, Personal Representative of the Estate of DAVID J. DERN, deceased,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                 Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Edward Ira Zwilling*, Schwartz Roller & Zwilling, LLP, Birmingham, AL, for petitioner.
*Voris Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 26, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that the decedent, David J. Dern, suffered Guillain-Barre syndrome ("GBS") and died as a result of his GBS following receipt of his February 10, 2016 influenza vaccination. On March 8, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 31.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 23, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 35.)  Petitioner requests attorneys' fees in the amount of $27,684.00 and attorneys' costs in the amount of $5,571.84.  (ECF No. 35-2, p. 7.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $33,255.84.

On August 25, 2017, respondent filed a response to petitioner's motion.  (ECF No. 36.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  Petitioner has filed no reply.

Mr. Zwilling requests compensation at a rate of $400 per hour for all work performed in this case from 2016 to 2017. (ECF No. 35-2.)  Mr. Zwilling avers that he has 25 years of experience and that he typically practices in the area of federal civil rights litigation, representing clients with claims under the Americans with Disabilities Act and the Fair Housing Amendments Act and Rehabilitation Act. (ECF No. 35-1, p. 2.) Mr. Zwilling indicates that he typically receives a lodestar rate of between $400 and $450 per hour and cites two cases from the U.S. District Court for the Northern District of Alabama in which he avers that he was awarded $400 per hour in 2016 and 2017. (*Id.*, p. 3.)  Mr. Zwilling also cites prior lodestar rates from other district courts ranging from $265 per hour awarded in the Northern District of Alabama in 2003 to $300 per hour awarded in the Eastern District of Arkansas in 2013. (*Id.*, p. 4.) Additionally, petitioner filed an affidavit by Kenneth Haynes, an attorney peer to Mr. Zwilling practicing employment law in Birmingham, Alabama. (ECF No. 35-3.)  Mr. Haynes avers that employment-litigation attorneys in the Northern District of Alabama, typically charge between $250 and $600 per hour and that $400 to $450 is a reasonable rate for Mr. Zwilling. (*Id.*)  Mr. Zwilling did not discuss any prior Vaccine Program experience in his application.

In light of the above, the undersigned finds that an hourly rate of $350 for work performed in 2016 and $358 for work performed in 2017 is reasonable in this case. *Garrison v. HHS*, No. 14-762V, 2016 WL 3022076 (Fed. Cl. Spec Mstr. April 29, 2016), *aff'd* 2016 WL 4784054, --- Fed. Cl. --- (Fed. Cl. Aug. 17, 2016) (applying an 18.3% risk premium reduction when using federal district court cases to determine a reasonable local rate for vaccine work); *see also McCulloch v. HHS*, 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (noting that fees awarded under the Laffey Matrix are higher than what is typically awarded in vaccine cases, that vaccine attorneys with over 20 years of experience should receive between $350 and $415 per hour, and further noting that higher rates should be reserved for attorneys with significant vaccine experience).  *Accord Johnson v. HHS*, No. 15-602V, 2017 WL 4210578 (Fed. Cl. Spec. Mstr. June 26, 2017) (reducing an attorney barred in 1972 from a requested rate of

$415 per hour to $385 per hour for work performed in 2016 due to lack of significant prior vaccine experience); *J.B. v. HHS*, No. 15-67V, 2016 WL 4046871 (Fed. Cl. Spec. Mstr. July 8, 2016) (awarding $350 per hour in 2016 to an attorney with over 25 years of legal experience); *Twerdok v. HHS*, No. 14-1237V, 2016 WL 7048036 (Fed. Cl. Spec. Mstr. Aug. 4, 2016) (awarding $350 per hour in 2016 to an attorney with 24 years of experience).

Based on the undersigned's review of the billing records, Mr. Zwilling billed 47.4 hours in 2016. Thus, adjusting his hourly rate for 2016 to $350 per hour results in a $2,370.00 reduction.[3] Mr. Zwilling billed 16.7 hours in 2017. Adjusting his hourly rate for 2017 to $358 results in a further reduction of $701.40.[4]

Additionally, the undersigned notes that Mr. Zwilling billed 7.4 hours in 2016 and 3.8 hours in 2017 driving roundtrip to Columbiana, Alabama, to file papers related to the Dern estate. (ECF No. 35-2, pp. 3-4, 6.) Mr. Zwilling billed this travel time at $400 per hour, though the undersigned has already reduced that rate as discussed above. (*Id.*) The undersigned finds this billing excessive for two reasons. First, Mr. Zwilling's entries do not reflect any court appearances, only filings. Traveling to deliver filings to the court is a paralegal or administrative staff function. *See, e.g. Binh Le v. HHS*, No. 07-895V, 2014 WL 4177331, at *5 (Fed. Cl. Spec. Mstr. July 31, 2014) (agreeing with respondent's characterization of "delivering court filings" as administrative and reducing the requested rate for such activity). Second, even accounting for the distance between Birmingham and Columbiana, the undersigned finds over three hours to accomplish a single court filing to be excessive. The undersigned reduces the 7.4 hours billed in 2016 to 5 hours and reduces the 3.8 hours in 2017 to 2.5. Moreover, the undersigned reduces the rate for this time to a $140 per hour paralegal rate. This results in a reduction of 2,900.40.[5]

In the undersigned's experience, the request otherwise appears reasonable, and the undersigned finds no further cause to reduce the requested hours or rates. Thus, the undersigned reduces petitioner's requested attorneys' fees by a total of $5,971.80.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). For the reasons described above, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs in the reduced amount of $27,284.04.

---

[3] ($400 per hour - $350 per hour)*47.4 hours = $2,370.00

[4] ($400 per hour - $358 per hour)*16.7 hours = $701.40

[5] (7.4 hours - 5 hours)*$350 per hour + (3.8 hours - 2.5 hours)*$358 per hour + ($350 per hour - $140 per hour)*5 hours + ($358 per hour - $140 per hour)*2.5 hours = $2,900.40

**Accordingly, the undersigned awards the total of $27,284.04[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Edward Ira Zwilling, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.